IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR QUINTANA,

        Plaintiff,                  No. CIV S-09-3221 FCD KJM P

    vs.

ERIC ESPINOSA,

        Defendant.              ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed an opposition and now moves for a stay in order to file an amended complaint. Under Federal Rule of Civil Procedure 15(a)(1)(B), plaintiff had the right to file an amended complaint without leave of court within twenty-one days of service of the motion to dismiss. Here, though, plaintiff waited more than twenty-one days, so he must obtain permission of the court to amend. Fed. R. Civ. P. 15(a)(2).

        Plaintiff has not attached a proposed amended complaint to his motion. As a litigant proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it. Plaintiff's motion for

1

leave to amend must therefore be denied.  However, plaintiff also asks for a stay of this case to allow time in which to submit an amended complaint.  A stay of this case is not warranted, but the court will hold any decision on the motion to dismiss in abeyance for thirty days to allow plaintiff to submit an amended complaint and renew his motion to amend.  The court will provide the defense an opportunity to respond to any proposal to amend the complaint.  If the court ultimately considers the merits of the amended complaint, it will examine the complaint according to the same screening standards applied to the original complaint, as required under 28 U.S.C. § 1915A.  See Docket No. 8.

The court admonishes plaintiff to familiarize himself with Federal Rule of Civil Procedure 15 and the court's Local Rule 220.  In particular, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  If the court accepts the amended complaint, the original pleading will no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to stay and amend the complaint (Docket No. 18) is denied.

2. Plaintiff may submit a proposed amended complaint within thirty days of the filed date of this order.

3. If plaintiff does submit a proposed amended complaint, defendant may file a response to the proposal to amend the complaint within fourteen days of the submission of the

/////

/////

/////

proposed complaint, and thereafter the question of whether to allow the complaint's filing will stand submitted.

DATED: December 9, 2010.

_U.S. MAGISTRATE JUDGE_

4
quin3221.ord

3