IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR QUINTANA

        Plaintiff,                        No. CIV S-09-3221 KJM DAD (TEMP) P

    vs.

ERIC ESPINOSA

        Defendant.                   <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983.  On May 4, 2010, the court ordered service on a single defendant, Espinosa.  On August 20, 2010, defendant Espinosa filed a motion to dismiss, arguing that plaintiff had failed to state any cognizable claims and that plaintiff's sole remedy was under California's law governing workers' compensation.  Plaintiff filed an opposition.

        On October 13, 2010, plaintiff moved to stay the case and sought leave to file an amended complaint.  The court found that a stay was not warranted, but stated that it would hold the motion to dismiss in abeyance to allow the filing of a proposed amended complaint by plaintiff.  The court granted plaintiff thirty days in which to file a proposed amended complaint.  Defendant was allowed fourteen days after the filing of the proposed amended complaint to respond to the motion to amend.  Both parties complied with that schedule, and the proposed amended complaint and motion to dismiss are now before the court.

1

## I. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, ___U.S.___, ___, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

1  content that allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be
3  part of the complaint for purposes of a motion to dismiss for failure to state a claim.  <u>Hal Roach</u>
4  <u>Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

5      II.  <u>Plaintiff's Claims</u>

6          Plaintiff's claims arise from an incident on September 22, 2008, at California
7  State Prison-Solano (CSP-Solano), where plaintiff was then incarcerated.  According to the
8  amended complaint, plaintiff was working as a plumber at the prison when defendant Espinosa, a
9  correctional officer, backed an "electrical cart style" vehicle into plaintiff , throwing him some
10 five feet into the air and dragging him another six feet.  (Am. Compl. at 3-4 (Doc. No. 26)).  The
11 amended complaint alleges that plaintiff was slow to stand up from the collision, and that
12 defendant Espinosa approached him to ask "Are you ok?"  <u>Id.</u> at 4.  Plaintiff responded, "I don't
13 know; give me a minute."  <u>Id.</u>  Defendant Espinosa, "without stating any further words,"
14 collected some tools and drove away in the electric vehicle.  <u>Id.</u>  Plaintiff states he did not see
15 defendant Espinosa again that day.  <u>Id.</u>

16         About fifteen minutes later, "plaintiff began to experience extreme severe pain in
17 his middle and lower back, left knee and foot, resulting in plaintiff having difficulty in standing."
18 <u>Id.</u>  The amended complaint states that two other inmates "carr[ied] plaintiff off of his feet across
19 the facility yard to the facility medical area... [and] summoned for medical staff to come assist
20 plaintiff" <u>Id.</u> at 4-5. Medical staff examined him, "resulting in plaintiff being prescribed medical
21 pain shots, a cane, bottom bunk bed arrangements" and an order that plaintiff refrain from work
22 for a week.  <u>Id.</u> at 5.  The amended complaint alleges that "[p]laintiff's medical condition as a
23 result of this accident/incident has been met with protracted severe pain in multiple areas notably
24 the upper/lower back, neck and spinal area resulting in the state prison medical expert on 3/30/09
25 recommending surgery."
26 /////

1    The proposed amended complaint avers the following claims: (1) deliberate indifference by defendant Espinosa toward plaintiff immediately after the collision, in violation of the Eighth Amendment to the U.S. Constitution, the California Constitution and numerous state statutes; (2) conduct by six prison officials during the inmate grievance process that deprived plaintiff of his rights under the First, Eighth and Fourteenth Amendments to the U.S. Constitution, the California Constitution and numerous state statutes; (3) official liability of the State of California for conduct by a state employee using state property; and (4) vicarious liability of the Director of the California Department of Corrections and Rehabilitation (CDCR) and the warden at CSP-Solano. See Am. Compl. at 11-18.

   III.   Screening Analysis

As before, the court finds that plaintiff has stated a claim against defendant Espinosa for deliberate indifference in violation of the Eighth Amendment.

As to the alleged violations of state law, "[a]s a condition precedent to suit against a public entity, the California Tort Claims Act (CTCA) requires the timely presentation of a written claim and the rejection of the claim in whole or in part." Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir.2001) (citations omitted). Compliance with the CTCA must be averred in the complaint. See Cal. Gov't Code § 910; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Failure to aver compliance with the CTCA subjects the state law claims to dismissal. Having failed to demonstrate compliance with the CTCA, plaintiff cannot proceed on any state law claims.

Plaintiff's federal claim that numerous appeals officials impeded or interfered with his access to the prison grievance system fails in light of the grievance documents plaintiff has attached to his amended complaint. Plaintiff makes it clear that the process did not move swiftly enough for him, and he expresses his belief that some grievances were sent back to him by prison officials in bad faith. But the attached appeals documents reflect that prison appeals officials responded to plaintiff's complaint, gave him ample opportunity to submit the necessary

information, and that his grievance proceeded through every stage of the appeals process, including the final, Director's Level phase. See Exhibits H, I-1 through I-6. Nothing in the text or timing of these documents suggests an undue interference with plaintiff's right to complain about the incident with defendant Espinosa or his subsequent medical treatment. On the basis of these documents, the court finds plaintiff cannot plausibly sustain a federal claim based on allegations of obstruction of or interference with the grievance process. See Twombly, 550 U.S. at 570; Iqbal, 129 S. Ct. at 1949.

Plaintiff is barred from holding the State of California liable for the actions of a state employee. The Eleventh Amendment shields states from suit unless the state has waived its immunity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989). Neither a state nor its agencies is a "person" amenable to a suit for damages under 42 U.S.C. § 1983. Id. at 71.

Finally, plaintiff uses the term "vicarious liability" in referring to his proposed claim against the Director of CDCR and the warden at CSP-Solano. Generally, supervisory officials cannot be held vicariously liable for the actions of their subordinates in a § 1983 action. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). A supervisor can be held liable for a violation of constitutional rights even if he or she was not personally involved in the actions which led to the violation if the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. Id. Participation sufficient to incur liability may involve the setting in motion of acts which cause others to inflict constitutional injury. Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.1978).

Here, plaintiff alleges that the director and warden were the "moving force" behind policies that violated his constitutional rights. (Am. Compl. at 18.) Plaintiff explains that during the allegedly deficient appeals process, "[a]ll of the [appeals] officials declare[d] to be acting in accordance with CDCR policies. Because the Director of Corrections and the warden make the jurisdictional policies, plaintiff names the Director... and the warden" as defendants. Id. at 7-8. Insofar as plaintiff claims the alleged policy deficiencies in the appeals process caused

a constitutional violation, the appeals documents attached to his amended complaint again show that a claim against the officials who allegedly wrote those policies has no plausible chance for success.  See Twombly, 550 U.S. at 570; Iqbal, 129 S. Ct. at 1949.

    IV.   Effect of Workers' Compensation Law on Plaintiff's Federal Claim

In opposing the acceptance of the proposed first amended complaint, defendants argue in part that the fact that plaintiff was on duty as a plumber at CSP-Solano leaves California's workers' compensation law as his exclusive remedy.  Defendants are incorrect. "[P]ersonal injury claims that implicate constitutional rights are not preempted by state workers' compensation acts."  Jensen v. City of Oxnard, 145 F.3d 1078, 1084 n.3 (9th Cir.1998) (citations omitted).  See also Bowen v. Trieber, 492 F. Supp.2d 1206, 1212 n.5 (E.D. Cal. 2006) (applying the holding in Jensen to an Eighth Amendment claim of deliberate indifference to a serious medical need).[1]

## CONCLUSION

Exercising its duty under 28 U.S.C. § 1915A(a), the court concludes that plaintiff should be allowed to proceed on his first amended complaint.  However, plaintiff shall proceed only with his claim that defendant Espinosa violated his rights under the Eighth Amendment. Plaintiff has not alleged any other claims that meet the screening requirement of 28 U.S.C. § 1915A(a).  The motion to dismiss, filed in response to plaintiff's original complaint, is thereby rendered moot.

IT IS THEREFORE ORDERED that:

1. The proposed first amended complaint (Docket No. 26) is deemed filed as of January 11, 2006.

/////

---

[1] Having found that plaintiff cannot proceed with his state law claims without demonstrating compliance with the CTCA, the court expresses no opinion on the effect of California's workers' compensation law on those state law claims.

2. Plaintiff shall proceed only with his claim that defendant Espinosa violated his rights under the Eighth Amendment.

3. Defendant has fourteen days from the entry of this order in which to respond to the first amended complaint.

4. The motion to dismiss (Doc. No. 13) is moot.

DATED: February 8, 2011.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
quin3221.screen.mtd