IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR QUINTANA,

    Plaintiff,                   No. CIV S-09-3221 KJM CKD P

    vs.

GARY SWARTHOUT, et al.

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. His first amended complaint, which the court has screened under 28 U.S.C. § 1915A, alleges deliberate indifference to a serious medical need against defendant Eric Espinosa, the sole defendant in this matter. All other claims and defendants named in the first amended complaint were screened out of this case in the court's order of February 9, 2011. See Order (Docket No. 30). Espinosa has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), on the basis that the first amended complaint does not state a claim on which relief could be granted.

    I. <u>Plaintiff's claims</u>

        Plaintiff's claims arise from an incident on September 22, 2008, at California State Prison-Solano (CSP-Solano), where plaintiff was then housed. According to the amended

1

complaint, plaintiff was working as a plumber at the prison when Espinosa, plaintiff's supervisor and a "free staff plumber" employed at the prison,[1] backed an "electrical cart style" vehicle into plaintiff, throwing him some five feet into the air and dragging him another six feet. First Amended Complaint at 3-4 (Docket No. 26).[2] The amended complaint alleges that plaintiff was "dazed, disoriented and physically numb [and] could not immediately stand." Id. at 4. After about thirty seconds, plaintiff was able to stand "half erect," and Espinosa approached him to ask "Are you okay?" Id. Plaintiff responded, "I don't know; give me a minute." Id. Espinosa, "without stating any further words," collected some tools and drove away in the electric vehicle. Id. Plaintiff states he did not see Espinosa again that day. Id.

About fifteen minutes later, "plaintiff began to experience extreme severe pain in his middle and lower back, left knee and foot, resulting in plaintiff having difficulty in standing." Id. The amended complaint states that two other inmates "carr[ied] plaintiff off of his feet across the facility yard to the facility medical area... [and] summoned for medical staff to come assist plaintiff" Id. at 4-5. Medical staff examined him, "resulting in plaintiff being prescribed medical pain shots, a cane, bottom bunk bed arrangements" and an order that plaintiff refrain from work for a week. Id. at 5. The amended complaint alleges that "[p]laintiff's medical condition as a result of this accident/incident has been met with protracted severe pain in multiple areas[,]

---

[1] Neither the complaint nor the motion to dismiss is entirely clear on Espinosa's employment status. The term "free staff plumber," in reference to Espinosa, appears in the first-level response to plaintiff's administrative appeal. See First Am. Compl., Ex. I-4, Memorandum of November 26, 2008. The response to plaintiff's second-level appeal refers to Espinosa as plaintiff's "supervisor." See id., Ex. I-6, Memorandum of March 13, 2009. And in the motion to dismiss, Espinosa says he was "a plumber employed by the State." Motion at 5 (Docket No. 31). Espinosa suggests, without outright arguing, that "[i]t is questionable" whether his status as a plumber employed by the state is enough to "invoke the Eighth Amendment while he is working solely as a plumber." Because the defendant does not move to dismiss on that suggestion, the court need not address it. The court notes, however, that "free staff" prison employees – i.e., non-incarcerated staff who are not correctional officers – may be "state actors" for purposes of liability under the Civil Rights Act. See, e.g., Garcia v. Clark, 2010 WL 3734070 (E.D. Cal.) (allowing constitutional claims to proceed against "free staff" culinary employees).

[2] The court references the page numbers assigned by the court's CM/ECF filing system, where applicable.

notably the upper/lower back, neck and spinal area[,] resulting in the state prison medical expert on 3/30/09 recommending surgery." Id.

## II. Legal standards

When considering a challenge under Rule 12(b)(6) that a complaint fails to state a claim on which relief can be granted, the court must accept the allegations of the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

Plaintiff's theory of liability is that the defendant was deliberately indifferent to a serious risk to his health or safety, in violation of the Eighth Amendment. The Ninth Circuit has developed a two-part test for deliberate indifference to an inmate's serious medical need:

> First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure

|   |   |
|---|---|
| 1 | to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. |

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations and quotations omitted); see also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992) (stating that "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need"), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997)

### III. Analysis

Defendant Espinosa argues that "[a]t most, plaintiff's version of events alleges that defendant Espinosa demonstrated an 'ordinary lack of due care for the prisoner's interests or safety,' which does not rise to a violation of Constitutional magnitude." Motion at 6 (Docket No. 31). The defendant is correct that allegations of mere negligence do not state an Eighth Amendment claim of deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, in this case, the first amended complaint alleges more than mere negligence. Plaintiff avers that the defendant knew he had struck plaintiff with the vehicle he was driving, observed plaintiff on the ground or struggling to stand, asked plaintiff if he was "ok," and, without further inquiring or aiding plaintiff, who said he did not know if he was "ok," left the scene. This description of events, taken as true, meets the definition of deliberate indifference.

"'[D]eliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059. As to the first element, the Ninth Circuit has given general examples of what is considered a "serious medical need" in a claim of deliberate indifference:

////
////
////

> The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' medical need.

Id. at 1059-1060. On the second element – "the nature of the defendant's response" – the Ninth Circuit has commented that "the fact that an individual sat idly by as another human being was seriously injured despite the defendant's ability to prevent the injury is a strong indicium of callousness and deliberate indifference to the prisoner's suffering." Id. at 1060.

The defendant argues that because the plaintiff was eventually able to stand up and felt no pain until fifteen minutes later, "by which time it appears [defendant] had left," the plaintiff was "not in need of serious medical treatment." Motion at 7. However, the standard for assessing the defendant's response does not require him first to know the precise nature of plaintiff's medical needs in the moments after the collision. The obviousness of the risk to a prisoner's health or safety may suffice to establish the knowledge element of an Eighth Amendment claim. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir.1995). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or _possible_ medical need in order for deliberate indifference to be established." McGuckin, 974 F.2d at 1060 (emphasis added). Although the first amended complaint does not describe a scene in which it was absolutely certain that plaintiff was in need of immediate of medical attention, the obvious possibility that he would need treatment after being hit by a moving vehicle required a response proportionate to that possibility.[3] And indeed, the complaint plainly avers that the defendant ignored plaintiff's possible medical need, stating that the defendant "did not assist or summons [sic] medical

---

[3] Again, one of the Ninth Circuit's examples of a "serious medical need" is "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment." McGuckin, supra. The court finds that being hit by a moving vehicle and having difficulty in standing suggests the strong possibility of an injury "worthy of comment."

5

1 assistance" after the collision and left the scene without returning.  First Am. Compl. at 11.  Such

2 conduct, if proven, plausibly exceeds mere negligence and amounts, as the complaint puts it, to

3 "wantonness."  Id. at 12.  Such conduct, in other words, plausibly constitutes deliberate

4 indifference.

5    Taking the allegations of the first amended complaint as true, the court concludes

6 that plaintiff has stated a claim for deliberate indifference.  The motion to dismiss should be

7 denied.

8    Accordingly, IT IS RECOMMENDED that the motion to dismiss (Docket No. 31)

9 be denied.

10   These findings and recommendations are submitted to the United States District

11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

12 one days after being served with these findings and recommendations, any party may file written

13 objections with the court and serve a copy on all parties.  Such a document should be captioned

14 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15 shall be served and filed within fourteen days after service of the objections.  The parties are

16 advised that failure to file objections within the specified time may waive the right to appeal the

17 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  Dated: December 22, 2011

19

20   _____
  CAROLYN K. DELANEY
  UNITED STATES MAGISTRATE JUDGE

21

22

23

24 3
 quin3221.57

25

26