IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR QUINTANA,

        Plaintiff,                No. 2:09-cv-3221 KJM CKD P

   vs.

GARY SWARTHOUT, et al.,

        Defendants.            <u>ORDER</u>

        Plaintiff has requested the appointment of counsel and a translator. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

        Plaintiff also seeks the appointment of a translator. Plaintiff has not shown that this court has the authority to appoint him a translator. As one court has noted:

\\\\\

1

"'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .' <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting <u>United States v. MacCollom</u> 426 U.S. 317, 321 (1976)). The Court is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action. The *in forma pauperis* statute does not authorize the expenditure of public funds for court-appointed interpreters. <u>See</u> 28 U.S.C. § 1915; <u>Loyola v. Potter</u>, [No. C 09-575], 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."); <u>Fessehazion v. Hudson Group</u>, [Civ. No. 08-10665], 2009 WL 2596619, at *2 (S.D.N.Y. [Aug. 21,] 2009) ("[G]enerally, pro se civil litigants have no entitlement to an interpreter or translator."); <u>Mendoza v. Blodgett</u>, [No. C 89-770,] 1990 WL 263527 at *15 (E.D. Wash. Dec. 21, 1990) ("There is no specific statute which authorizes the court to appoint an interpreter in civil in forma pauperis actions."

<u>Hale v. Vacaville Housing Auth.</u>, Civ. No. 09-391, 2010 WL 318375, at *2 (E.D. Cal. Jan. 20, 2010).

      Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel and a translator (Docket No. 60) is denied.

Dated: August 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7
quin3221.31(2)

2