IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR QUINTANA,

        Plaintiff,                    No.  2:09-cv-3221 KJM CKD P

    vs.

GARY SWARTHOUT, et al.,

        Defendants.             <u>ORDER</u>

        Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with a first amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.  (Dkt. No. 26.)  Plaintiff claims that defendant Espinosa was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment in connection with a September 22, 2008 incident in which defendant backed an electric cart-style vehicle into plaintiff at California State Prison-Solano (CSP-Solano).

        Several matters are pending.  Defendant has filed a motion to compel accompanied by a motion for relief from the requirement to file a joint statement (Dkt. Nos. 56, 57) and a motion for extension of time to file a motion for summary judgment (Dkt. No. 72). Plaintiff has filed a motion for examination by an outside doctor (Dkt. No. 63), and a motion to amend the amount of compensatory damages requested in his complaint (Dkt. No.  64).

/////

I. <u>Defendant's Motion to Compel</u>

Defendant moves to compel plaintiff to respond to his request for production of documents, set one, and his request for special interrogatories, set one. (<u>See</u> Dkt. No. 56-1 at 5-37.) Defendant timely served these discovery requests by mail on June 4, 2012, more than 60 days prior to the discovery deadline of August 20, 2012 (<u>see</u> discovery and scheduling order, Dkt. No. 48). Plaintiff has not responded to the motion to compel, but has addressed the discovery requests at issue in previous filings to the court. In a letter filed on July 2, 2012 and a notice filed on July 27, 2012, plaintiff states that he is not capable of understanding or responding properly to the discovery requests because he does not speak or write English, because he must rely on inmates to read documents and respond for him, because he does not have all the documents requested by defendant, and because he wishes to assert his 5th Amendment right against self-incrimination. (<u>See</u> Dkt. Nos. 53, 55.)

Pursuant to Local Rule 251(e), based on plaintiff's total failure to respond to the discovery requests, defendant seeks relief from the requirement to file a joint statement with the pending motion to compel. (Dkt. No. 57.) This motion will be granted and defendant's motion to compel is deemed properly filed without a joint statement.

The motion to compel will also be granted. Plaintiff initiated this lawsuit and he is obligated to comply with the applicable Federal Rules of Civil Procedure and Local Rules of this court and to respond to defendant's discovery requests to the best of his ability. Plaintiff must answer each interrogatory fully in writing under oath. Fed. R. Civ. P. 33(b)(3). While extensive research is not required, a reasonable effort to respond must be made. <u>L.H. v. Schwarzenegger</u>, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Petitioner must also produce all documents in his possession, custody or control that are responsive to defendant's request for production of documents. Fed. R. Civ. P. 34(1).

Plaintiff's difficulty with the English language and other claimed reasons for not responding do not excuse his duty in this regard. The court notes that plaintiff's claimed

difficulties have not prevented him from filing various motions, notices, oppositions, requests for reconsideration, and other documents throughout the pendency of this action. Defendant further notes that plaintiff propounded his own discovery request upon defendant, to which defendant timely responded. Plaintiff will be ordered to respond to the outstanding discovery requests within 10 days.

Plaintiff is cautioned that failure to obey a court order to respond to discovery may result in further just orders or sanctions, which may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In addition, defendant may move to dismiss this action pursuant to Rule 41(b) if plaintiff fails to comply with this court order.

Defendant seeks $200.00 in monetary sanctions to pay for attorney fees and costs incurred in bringing the motion to compel pursuant to Fed. R. Civ. P. 37(a). When a motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party... whose conduct necessitated the motion... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

/////

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Although plaintiff's total failure to respond to defendant's discovery requests is without substantial justification, in light of his status as an incarcerated plaintiff proceeding pro se and in forma pauperis, the court declines to award sanctions at this time.

II. <u>Plaintiff's Motion for Examination by an Outside Doctor</u>

Plaintiff requests an examination of his mental and physical injuries by an "outside doctor" pursuant to Fed. R. Civ. P. 35. Defendant opposes the motion.

On motion and for good cause shown,

> [t]he court where the action is pending may order a party whose mental or physical condition- including blood group- is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Fed. R. Civ. P. 35(a)(1).

The purpose of Rule 35 is to allow a movant to request examination of a party whose mental or physical condition is in controversy, not for a party to request examination of himself for purposes of supporting his claim. Plaintiff does not address who would pay the costs of such an examination. This court is aware of no authority allowing it to order an independent medical or mental examination at government expense for an indigent plaintiff in a civil action. Plaintiff fails to show good cause for the requested examination and the motion will be denied. See <u>Green v. Branson</u>, 108 F.3d 1296, 1304 (10th Cir. 1997) (denial of indigent prisoner's request for Rule 35(a) exam affirmed, where his motion revealed its purpose "was to obtain medical care and complain of deliberate indifference to his serious medical needs...").

4

III. Plaintiff's Motion to Amend Complaint

      Plaintiff moves the court for leave to amend his first amended complaint to correct an error in the amount of compensatory damages requested. In his original complaint, plaintiff requested $500,000 in damages, and in his first amended complaint he requested $50,000 in damages. Pursuant to Fed. R. Civ. P 15(a)(2), after a responsive pleading has been filed, a plaintiff may amend the complaint only with the opposing party's written consent or with leave of court. Leave of court should be freely given when justice so requires. Here, defendant was on notice of plaintiff's previous request for $500,000 in compensatory damages in the original complaint, and has not expressed opposition to the motion. Should this case proceed to trial, defendant will have an opportunity to contest the amended figure. Under these circumstances, leave for the amendment will be granted.[1] See Cimino v. Glaze, 228 F.R.D. 169, 174 (W.D.N.Y. 2005) ("courts have held that an amendment increasing the amount of claimed damages should generally be allowed, absent some demonstrable prejudice to the defendant") (citing collected cases).

IV. Defendant's Motion for Extension of Time

      Currently the deadline for dispositive motions is November 12, 2012. (See Dkt. No. 48.) Defendant moves for a 30 day extension of time. Good cause appearing, the motion will be granted.

/////

---

[1] Normally, the court does not allow piecemeal amendments to complaints:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by the court shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.

Local Rule 15-220. Because an amended complaint supercedes and replaces the original complaint, an amended complaint must stand on its own. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Here, since plaintiff seeks to amend only the amount of compensatory damages requested, the amendment will be permitted in this instance.

5

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to compel and motion to seek relief from the requirement to file a joint statement with his motion to compel (Dkt. Nos. 56, 57) are GRANTED;

2. Plaintiff is ordered to respond to defendant's request for production of documents, set one, and defendant's special interrogatories, set one, within 10 days; plaintiff is cautioned that failure to comply with this court's order compelling discovery may result in further sanctions as detailed herein, including dismissal of his case;

3. Plaintiff's motion for examination by an outside doctor (Dkt. No. 63) is DENIED;

4. Plaintiff's motion to amend the amount of compensatory damages requested in the first amended complaint to $500,000 (Dkt. No. 64) is GRANTED; and

5. Defendant's motion for a 30 day extension of time to file a motion for summary judgment, up to and including December 12, 2012 (Dkt. No. 72) is GRANTED.

Dated: November 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
quin3221.mtc