IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR QUINTANA,

        Plaintiff,                    No.  2:09-cv-3221 KJM CKD P

    vs.

GARY SWARTHOUT, et al.,

        Defendants.             ORDER

_____/

        Plaintiff, a state prisoner, proceeds pro se with a first amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.  (Dkt. No. 26.)  Plaintiff claims that defendant Espinosa was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment in connection with a September 22, 2008 incident at California State Prison-Solano (CSP-Solano).  Various motions are pending.

I.  Defendant's Motion for Summary Judgment (Dkt. No. 73)

        On August 21, 2012, defendant moved for summary judgment.  Plaintiff has not opposed the motion.  Within 30 days of the date of this order, plaintiff shall file an opposition to the motion for summary judgment or a statement of non-opposition.  Failure to comply with this order will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is advised of the requirements to oppose a motion for summary judgment as follows:

1

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such

facts in your opposition.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for defendant without a trial and the case will be closed.

II. Motion for Settlement Conference (Dkt. No. 75)

On November 19, 2012, plaintiff filed a motion requesting the court to schedule a settlement conference.  Defendant has not responded to the motion.  As set forth, defendant has filed a motion for summary judgment which could be dispositive as to petitioner's Eighth Amendment claim.  In the absence of any expressed interest by the defendant in a settlement conference at this time, plaintiff's motion will be denied without prejudice to renewal at a later date should plaintiff's claim survive summary judgment.

III. Motion for Appointment of Counsel (Dkt. No. 77)

On December 10, 2012, plaintiff moved for the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Plaintiff shall file an opposition to defendant's motion for summary judgment or a statement of non-opposition within 30 days of the date of this order;

2. Plaintiff's motion for settlement conference (Dkt. No. 75) is DENIED at this time; and

3. Plaintiff's motion for appointment of counsel (Dkt. No. 77) is DENIED.

Dated: December 14, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
quin3221.46osc.aoc