IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR QUINTANA,

    Plaintiff,   No. 2:09-cv-3221 KJM CKD P

  vs.

GARY SWARTHOUT, et al.,

    Defendants.   ORDER AND FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, an inmate in custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeds pro se with a first amended civil rights complaint filed pursuant to 41 U.S.C. § 1983. (Dkt. No. 26.) Defendant Espinosa, the sole remaining defendant, has moved for summary judgment. (Dkt. No. 73). Plaintiff opposes the motion (Dkt. No. 82) and defendant has filed a reply (Dkt. No. 84). Plaintiff's motion for appointment of counsel (Dkt. No. 87) and defendant's motion for default judgment and/or dismissal based on plaintiff's failure to obey a court discovery order (Dkt. No. 86) are also before the court.

I. Motion for Summary Judgment

        At all times relevant to this action, plaintiff was an inmate at California State Prison- Solano ("CSP-Solano") and defendant was employed at CSP-Solano. As set forth in the

1  court's screening order of February 9, 2011 (Dkt. No. 30), plaintiff proceeds on a single claim
2  that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth
3  Amendment in relation to an incident in which defendant allegedly struck plaintiff with an
4  electric golf cart driven by defendant. Defendant asserts summary judgment is warranted
5  because defendant's conduct as alleged by plaintiff, even if true, does not meet the test for
6  deliberate indifference to a serious medical need under the Eighth Amendment. (Dkt. No. 73 at
7  5.)
8         On November 13, 2012, contemporaneously with defendant's motion for
9  summary judgment, plaintiff was advised of the requirements for opposing a motion pursuant to
10 Rule 56 of the Federal Rules of Civil Procedure. On December 14, 2012, pursuant to the Ninth
11 Circuit's decision in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), the court again advised
12 plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of
13 Civil Procedure and granted him 30 additional days to file additional evidentiary materials
14 regarding defendant's motion for summary judgment. (Dkt. No. 78.) See Rand v. Rowland, 154
15 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v.
16 Eikenberry, 849 F.2d 409 (9th Cir. 1988).
17        The court notes that plaintiff's first amended complaint is verified under penalty
18 of perjury. (See Dkt. No. 26 at 3.[1]) It therefore has the effect of an affidavit to oppose summary
19 judgment "to the extent it is 'based on personal knowledge' and 'sets forth specific facts
20 admissible in evidence.'" Keenan v. Hall, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996).
21    A.  Summary Judgment Standards
22        Summary judgment is appropriate when it is demonstrated that there "is no
23 genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."
24 Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion

---

[1] The court references the page numbers assigned by the court's CM/ECF system where applicable.

by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

1  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
2  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
3  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
4  genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
5  committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

B. Applicable Eighth Amendment Standards

"[T]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitely v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "Such indifference may be manifested in two ways. It may appear when prison

4

officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); see also Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) ("Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." (internal quotations omitted)).

In order to be liable, an official must know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 832. Two requirements must be met: (1) the deprivation must be, objectively, sufficiently serious; and (2) the prison official must be, subjectively, deliberately indifferent to inmate health or safety. Id. at 834. A medical need is serious if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc., v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104). In order to be deliberately indifferent, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference. See Farmer, 511 U.S. at 834; see also Toquchi v. Chung, 391 F.3d 1051, 1057-58 (9th Cir. 2004).

"While... deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 836; see also Toquchi, 391 F.3d at 1056 (holding that a prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to the prisoner's health and safety). Substantial harm need not have resulted. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) ("A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."). When a prisoner alleges that delay of medical treatment constitutes deliberate indifference, however, the prisoner must show that the delay caused harm and that defendant should have

known this to be the case.  Hallett, 296 F.3d at 745-46; see also Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that mere delay of medical treatment, without more, is insufficient to state a claim of medical deliberate indifference).

C.  Undisputed Facts

The following facts are undisputed or, upon review of the evidence submitted, have been deemed undisputed.

On September 22, 2008, defendant was working at CSP-Solano as a Plumber II. (Defendant's Uncontroverted Facts ("DUF") #1, 20.)  On that same date plaintiff was working as part of a different plumbing crew at CSP-Solano and was supervised by a staff member other than defendant.  (DUF # 1, 15, 20; Complaint at 3.[2])

Defendant was sitting on the passenger side of an electric golf cart with a tool cart hitched to the back.  (DUF #1, 21.)  As defendant slid over across the driver's seat to exit the golf cart, his foot got caught between the accelerator and the brake, causing the golf cart and attached tool cart to back up suddenly and hit plaintiff.  (DUF #1, 21.)  Defendant did not intentionally strike plaintiff with the golf cart.  (DUF #2.)

After being struck with the golf cart, plaintiff got up after approximately 30 seconds and began limping around.  (DUF #9, 10; Complaint at 4; Decl. of Rico Smith, Dkt. No. 73-1 at 27; Decl. of Richard Martin, Dkt. No. 73-1 at 29.)  When defendant looked back to see if anyone had been injured, he saw plaintiff walking around and it appeared that plaintiff was favoring his left leg.  (DUF #22.)  Defendant asked plaintiff if he was "all right."  (DUF #3, 22; Complaint at 4.)

Plaintiff did not indicate to defendant that he needed or wanted medical attention. (DUF # 10, 14, 23.)  Defendant did not believe that plaintiff needed medical attention.  (DUF #10, 23.)  There was no blood or bleeding.  (DUF #19.)  Defendant saw only a scratch on

---

[2] Citations to plaintiff's complaint reference the page numbers assigned by the court's CM/ECF system.

1  plaintiff's left knee and no other signs of injury. (DUF #22.) After standing up, plaintiff
2  continued to work, including digging. (DUF #23.) As defendant continued working, he kept an
3  eye on plaintiff to verify that plaintiff was not injured. (Id.) Defendant noticed that plaintiff
4  continued working with his crew in a very energetic manner. (Id.) Plaintiff did not appear in any
5  way to need medical treatment. (Id.) Defendant finished his project, collected his work tools and
6  left the area. (DUF #10, 24.) Plaintiff did not see defendant again that day. (Complaint at 4.)

7        Approximately fifteen minutes after defendant left, plaintiff began to feel leg
8  cramps and pain. (DUF #13; Complaint at 4.) Inmates Rico Smith and Richard Martin
9  immediately helped carry plaintiff to the medical clinic. (Id.) Once he began feeling leg cramps
10 and pain, there was no delay in obtaining medical care and no one prevented him from getting
11 medical attention. (Quintana Depo. at 37-38, Dkt. No. 73-1 at 12.)

12       According to CDCR medical records, plaintiff was seen by a physician in the
13 medical clinic at 12:30 p.m., approximately one hour after the purported injury on September 22,
14 2008. (DUF #46.) The physician documented that plaintiff was alert and oriented as to the time,
15 his name, his location, and the reason for his visit. (Id.) His vital signs were essentially normal.
16 (Id.) There were no abrasions, swelling, or bruising noted. (Id.) The provider noted superficial
17 scratches to plaintiff's left knee and foot. (Id.) Range of motion was normal. (Id.) X-rays
18 showed no fractures. (Id.) Plaintiff was assessed to have some left side pain from "blunt
19 trauma." (Id.) He was given pain medication, a "lay in," and a cane. (Id.)

20    D.  Disputed Facts

21       Defendant claims plaintiff stated "I am fine" after the accident while plaintiff
22 alleges in his complaint that he stated "I don't know, give me a minute." (DUF #3, 22,
23 Complaint at 4.) According to declarations signed under penalty of perjury by inmate witnesses
24 Rico Smith and Richard Martin which plaintiff testified were given to him by the inmates,
25 plaintiff told defendant he thought he would be ok and needed a few minutes to "recoup." (DUF
26 #6, 7.) At his deposition, plaintiff testified that he could not remember whether he stated he

7

thought he would be ok and that he needed a few minutes to recoup. (DUF #8.)

### D. Analysis of the Eighth Amendment Claim

Plaintiff has failed to put forth evidence demonstrating that defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that he actually drew the inference. <u>Farmer</u>, 511 U.S. at 834. It is undisputed that defendant asked if plaintiff was "all right" after striking him with the golf cart. While there is a minor dispute as to plaintiff's exact verbal response, the disputed facts are not material because even under plaintiff's version of the facts there is no triable issue as to whether defendant was, subjectively, deliberately indifferent.

As set forth, plaintiff alleges in his verified amended complaint that when defendant asked him if he was ok, he told defendant to "give me a minute." Defendant saw a scratch but plaintiff appeared to be fine otherwise. Defendant then finished his project, packed up his tools, and left the area, as plaintiff continued to work. It is undisputed that plaintiff did not indicate to defendant a need or desire for medical treatment at any time that day and that there was no delay in receiving medical care once plaintiff began to feel leg cramps and pain. Plaintiff did not begin to feel leg cramps and pain until approximately fifteen minutes after defendant left the area, at which time two inmates immediately assisted him to the medical clinic.

On these undisputed facts, defendant did not "deny, delay, or intentionally interfere with [plaintiff's] medical treatment." See <u>Hallett</u>, 296 F.3d at 744. To any extent defendant relied on medical staff to attend to plaintiff's medical needs if those needs arose later, that reliance was reasonable and does not constitute deliberate indifference. See generally <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (9th Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."); c.f. <u>Ledoux v. Davies</u>, 961 F.2d 1536, 1537 (10th Cir. 1992) (holding that acts by non-medical prison officials that prevent access to treatment recommended or

prescribed by medical personnel may constitute deliberate indifference).

Plaintiff argues that defendant should have known that plaintiff needed medical attention, however, plaintiff has failed to put any evidence in the record that serves as a factual predicate for such an inference. Viewing the evidence in the light most favorable to plaintiff, there is no indication that defendant was deliberately indifferent to plaintiff's serious medical needs. There is no evidence that defendant was made aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, or that he actually drew such an inference. Farmer, 511 U.S. at 834. The facts as plaintiff describes them "simply do not amount to "deny[ing] reasonable requests for medical treatment... expos[ing] the inmate to undue suffering[,] or "knowledge of the need for medical care" coupled with an "intentional refusal to provide that care." Spruill, 372 F.3d at 237 (quoting Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3rd Cir. 1987)). For these reasons, summary judgment should be entered in defendant's favor on plaintiff's Eighth Amendment claim.

II. Other Pending Motions

A. Defendant's Motion for Default Judgment and/or to Dismiss the Complaint

On March 1, 2013, defendant moved for default judgment, or, in the alternative, an order pursuant to Fed. R. Civ. P. 41(b) dismissing the action for plaintiff's failure to comply with the court's discovery order of November 13, 2013. In light of the recommendation that summary judgment be entered in defendant's favor, it is further recommended that defendant's motion for default judgment or dismissal be denied as moot.

B. Plaintiff's Motion for Appointment of Counsel

Plaintiff has again requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances at this time.  Plaintiff's request for the appointment of counsel will therefore be denied.

    In accordance with the above, IT IS HEREBY ORDERED THAT:

    1. Plaintiff's motion for appointment of counsel (Dkt. No. 87) is DENIED.

    Further, IT IS HEREBY RECOMMENDED THAT:

    1. Defendant's motion for summary judgment (Dkt. No. 73) be GRANTED;

    2. Defendant's motion for default judgment and/or to dismiss the complaint (Dkt. No. 86) be DENIED as moot;

    3. Judgment be entered in defendant Espinosa's favor; and

    4. The clerk be directed to close this case.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2013

                  _____
                  CAROLYN K. DELANEY
                  UNITED STATES MAGISTRATE JUDGE

8
quin3221.57.MSJ